McHENRY (UNITED STATES v.). See Case No. 15,681.

---

## Case No. 8,820.

### Ex parte McILLWEE.

[3 Am. Law T. 251.]

Circuit Court, D. Virginia. Sept., 1870.

ELECTIONS—QUALIFICATIONS OF VOTERS—THE ENFORCEMENT ACT.

[It was not the purpose of the act of congress of May 31, 1870 (16 Stat. 140), to prescribe the qualifications of voters, or even to alter them, as fixed by the state law, except so far as they were founded upon the distinction of race, color, or previous condition of servitude; and it is therefore no violation of the law to refuse to register a white applicant on the ground that he is not qualified to vote under the state law because of his adherence to or participation in the late Rebellion.]

[This was a hearing at chambers upon the return of a writ of habeas corpus issued in behalf of the petitioner, John H. McIllwee.]

BOND, Circuit Judge. It appears from the return and the evidence in this case that the petitioner is one of the persons appointed under the laws of the state of West Virginia to register those entitled to vote under the election laws of that state. A certain Winfield Scott Alkire, a white citizen of West Virginia, made application on the fifth day of August last to petitioner to be registered, and his application was refused on the ground that he was not qualified to vote under the laws of the state by reason of his adherence to or participation in the late Rebellion. The petitioner was therefore on the affidavit of said Alkire, arrested and brought before a commissioner of the United States for a supposed violation of the act of congress approved May 31, 1870, and by said commissioner, in default of bail, was committed to answer at the next term of the District court.

It appears to me that this case does not come within the purview of the statute in question. That is was not the intention of congress to abolish the laws of the several states which prescribe the qualifications of voters, or even alter them, except so far as they were founded upon the distinction of race, color or previous condition of servitude, is sufficiently evident from the words of the first section of the statute which declare it to relate to "all citizens of the United States who are or shall be otherwise qualified by law to vote." It cannot be doubted that the meaning of this language is, that these citizens shall be qualified to vote by the law of the state or territory in which they offer to poll. That these persons thus "otherwise qualified" shall vote without distinction of race, color, or previous condition of servitude is the purpose and intent of the statute. It was clearly the duty imposed upon the petitioner to inquire into the qualifications of the applicant for registration under the laws of the state of West Virginia, and if he found him "otherwise qualified" he was to register him without distinction of race or color or previous condition of servitude, under the penalty of this act of congress.

The third section of this act of congress relates to those citizens otherwise qualified, who have not been able by reason of the "wrongful act or omission aforesaid" to do the prerequisite act which entitles the citizen to vote. There is no mention of any "wrongful act or omission" in the third section itself, and every rule of construction requires that reference should be had to the previous sections, where we find the "wrongful act or omission" to be the making among citizens "otherwise qualified," a distinction on account of race, color, or previous condition of servitude. It is not pretended that the petitioner refused the application of Alkire on this account, and therefore he is not guilty of the "wrongful act or omission" which makes him amenable to the punishment prescribed in these sections. The twenty-second section of the act under consideration relates to the "officers of any elec-

tion at which any representative or delegate in the congress of the United States shall be voted for." It is not alleged nor was it true, that there was any election of the kind being held, of which election the petitioner was an officer. He was a mere subordinate officer of registration, from whose judgment there was an appeal, by the laws of the state, to a board of registration in review.

The petitioner, in my opinion, must be discharged, because it does not appear that he is guilty of the violation of the act of congress with which he is charged, and for the reason that, for his judgment of the qualification of the applicant for registration under the laws of West Virginia, he is not answerable in the court of the United States. I shall pass an order to that effect.